IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mark A. Mays,  Case No. 3:10 CV 8

        Plaintiff,  MEMORANDUM OPINION
  AND ORDER

   -vs-

  JUDGE JACK ZOUHARY

Ms. Moore, et al.,

        Defendants.

*Pro se* Plaintiff Mark Mays filed this action under 42 U.S.C. § 1983 against Toledo Correctional Institution ("TCI") Health Care Administrator Ms. Moore, and TCI Physician Mr. Miller. Mays claims he is not receiving adequate medical care at TCI. He seeks monetary and injunctive relief.

## BACKGROUND

Mays alleges very few facts in his Complaint. He claims on four occasions TCI nurse Joel Arnold gave him medication prescribed for another inmate. On one of these occasions, he had a seizure and was taken to the hospital for treatment. He also alleges his blood sugar was low on October 5, 2009, but Nurse Arnold told him he was fine. Later that evening, he became very ill and was again taken to the hospital. Finally, he contends he should have been transported to Ohio State University Hospital for a heart monitor. He sent informal complaints to medical personnel and was told by Dr. Miller to stop making these requests. Mays claims Dr. Miller told him he had a limited time to live. Mays alleges this caused him a great deal of stress. He asserts Ms. Moore is the

supervisor of the medical department and receives all medical paperwork on inmates. Mays asserts he was denied proper and adequate medical care.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, the claim against Moore is dismissed with prejudice pursuant to § 1915(e). Plaintiff is directed to amend his Complaint against Miller within thirty (30) days.

The claim against Moore is based solely on her position as the supervisor of the prison's health department. *Respondeat superior*, however, is not a proper basis for liability under Section 1983. *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Supervisors cannot be held liable based solely on their right to control employees, or on their "simple awareness of employees' misconduct," *Leary,* 349 F.3d at 903. Instead, Plaintiff must prove that Moore did more than play a passive role in the alleged violations or show mere tacit approval of the events alleged in the Complaint. *Id*. He must show she encouraged or condoned the actions of her employees. *Id.*; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995). Mays states only that Moore "is the head of medical staff and all my paperwork was sent to her. . . ." (Doc. No. 1, p. 5). That allegation, alone, is insufficient to state a claim against Moore.

As to Defendant Miller, Plaintiff claims Miller would not send him to the Ohio State University Hospital for a heart monitor. Plaintiff also claims Miller told him not to worry because he was going to die anyway. Plaintiff found this information to be stressful, and he claims he is not receiving adequate medical care.

2

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured according to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

As it stands now, Plaintiff's bare allegation that he was denied a heart monitor does not "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiff provides no information regarding his medical condition that might lend plausibility to his claim. However, Plaintiff's allegations at least hint at the deprivation of serious medical needs -- namely, he was denied a heart monitor. The alleged need for a heart monitor potentially points to a serious medical condition, thus establishing the objective component of an Eighth Amendment claim. Further, Plaintiff's allegations about Miller's response to his request for hospitalization -- that he was going to die soon anyway -- could arguably satisfy the subjective prong of the test. Accordingly, Plaintiff is granted thirty (30) days from the date of this

3

Order to amend his Complaint against Defendant Miller in order to provide more detail about his medical condition and Miller's alleged actions. If Plaintiff does not amend his Complaint within thirty (30) days, Plaintiff's claims against Miller will be dismissed with prejudice.

## CONCLUSION

Accordingly, the claims against Defendant Moore are dismissed under 28 U.S.C. § 1915(e). Plaintiff shall amend the Complaint against Defendant Miller within thirty (30) days. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                          s/ *Jack Zouhary*
                                    JACK ZOUHARY
                                    U. S. DISTRICT JUDGE

July 2, 2010